Terrance Lamont MOORE,
Petitioner–Appellant,

v.

Andre MATEVOUSIAN, Respondent–
Appellee.

No. 15-15421

United States Court of Appeals,
Ninth Circuit.

Submitted October 25, 2016 *

Filed November 01, 2016

Terrance Lamont Moore, Pro Se

Amanda H. Beck, USSAC—Office of the
US Attorney, Sacramento, CA, for Re-
spondent–Appellee

Before: LEAVY, GRABER, and
CHRISTEN, Circuit Judges.

MEMORANDUM ***

Terrance L. Moore appeals, pro se, from
the district court's dismissal of his petition
for habeas corpus under 28 U.S.C. § 2241.
We have jurisdiction under 28 U.S.C.
§ 1291. Reviewing de novo, we affirm. See
Alaimalo v. United States, 645 F.3d 1042,
1047 (9th Cir. 2011).

Moore argues that the Bureau of Pris-
ons ("BOP") improperly relied on 18
U.S.C. § 924(c)(1)(C)(i) to determine his
projected release date and thereby errone-
ously calculated his sentence, exceeded its
statutory authority, and violated his due

process and equal protection rights by en-
forcing an invalid judgment. Moore's argu-
ment is premised on his incorrect belief
that he is not subject to 25–year consecu-
tive sentences for his second, third, and
fourth section 924(c) convictions because
he was not charged and convicted under
section 924(c)(1)(C)(i). However, because
the record shows, and Moore does not
dispute, that he was convicted, inter alia,
of four counts of violating section 924(c),
the BOP properly calculated his release
date based on his correctly calculated
1,107–month sentence. See United States
v. Beltran–Moreno, 556 F.3d 913, 915 (9th
Cir. 2009) ("[W]hen the government
charges more than one § 924(c) offense in
a single indictment, each additional count
is to be treated as a 'second or subsequent
conviction' for purposes of 18 U.S.C.
§ 924(c)(1)(C)(i) and therefore carries a
mandatory minimum sentence of twenty-
five years."). Thus, the district court cor-
rectly denied relief on Moore's claim that
BOP improperly calculated his sentence
and release date as frivolous.

Insofar as Moore challenges the sen-
tencing court's calculation of his sentence,
he has not obtained a certificate of appeal-
ability and we decline to grant one. See 28
U.S.C. § 2253(c)(2); Slack v. McDaniel,
529 U.S. 473, 484, 120 S.Ct. 1595, 146
L.Ed.2d 542 (2000); Harrison v. Ollison,
519 F.3d 952, 958 (9th Cir. 2008).

Moore's "Amended Motion Relating
Back to Habeas Claim in Opening Brief" is
granted.

**AFFIRMED.**

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
See Fed. R. App. P. 34(a)(2).

*** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36–3.